Chief Justice Hernández and Justices MacLeary, Wolf, and Aldréy concurred.

---

HERNÁNDEZ v. THE DISTRICT COURT.

APPLICATION for a writ of *certiorari*.

No. 73.—Decided May 2, 1911.

CERTIORARI—UNAPPEALABLE ORDERS—ORDERS DENYING NEW TRIAL IN CASES FROM MUNICIPAL COURTS.—Orders of district courts denying or granting a new trial in cases appealed from municipal courts are not appealable, because under subdivision 2 of section 295 of the Code of Civil Procedure an appeal can only be taken to the Supreme Court from judgments rendered by district courts on appeal from decisions of the inferior courts.

ID.—QUESTION OF JURISDICTION—NEW TRIAL.—*Certiorari* does not lie where the Supreme Court is asked to review an order of a district court denying a motion for a new trial in a case originating in a municipal court when the denial is based on the estimate made by the district court of the facts submitted to its consideration through affidavits and a statement of the case.

The facts are stated in the decision.

The petitioner appeared in his own behalf.

### DECISION.

This is an application made by Agustín Hernández Mena praying that a writ of *certiorari* be directed to the District Court of Mayagüez requiring it to send to this Supreme Court the original records in the case of *Agustín Hernández Mena* v. *Víctor P. Martínez* for the recovery of a sum of money, and praying that the decision rendered by that court on March 16 last, overruling a motion for a new trial, be reversed and annulled on the grounds set forth in said application, and that for the reasons alleged a new trial be ordered held.

From the allegations of petitioner it appears that Augustín Hernández Mena filed a complaint in the Municipal Court of Mayagüez against Víctor P. Martínez to secure the recovery of a sum of money, and that the defendant filed a counterclaim against the plaintiff for $200 for fees for professional services rendered in connection with the action for nullity brought by Agustín Hernández Mena against Leopoldo Cabassa y Picá and Antonio Cabassa; that the said municipal court rendered judgment sustaining the complaint and the counterclaim, from which judgment an appeal was taken to the District Court of Mayagüez, which, on February 14 last, dismissed the complaint and sustained the counterclaim; that plaintiff moved for a new trial on the third and fifth provisions of section 221 of the Code of Civil Procedure; and that by an order of the 16th of the said month of March the motion was overruled on the ground that it did not appear that plaintiff had been unable to discover and introduce in due time the evidence offered by him, and be-

cause, even had such evidence been admitted, the judgment would not have to be altered.

The remedy of *certiorari* sought by Hernández Mena, to obtain the annulment of the aforesaid order, is clearly untenable, although we admit that such an order is not appealable, as affirmed by petitioner.

This case does not involve any question of jurisdiction or procedure, its direct object being to attack a decision of the court below determining the facts submitted to its consideration through affidavits and a statement of the case. Such determination cannot be disturbed by us through *certiorari,* which remedy has not been established to take the place of a writ of error or appeal, as we have already held in the decisions of *Arribas* v. *The District Court,* 9 P. R., 436, decided December 7, 1905, and in *Barreras* v. *The District Court,* 10 P. R., 181, decided February 17, 1906. (See an act authorizing writs of *certiorari,* approved March 10, 1904.)

Subdivision 2 of section 295 of the Code of Civil Procedure allows an appeal to the Supreme Court only from judgments rendered by district courts on appeal from decisions of an inferior court, but not from the orders made under such conditions granting or denying a new trial; and that the will of the legislature limiting appeals would be perverted or frustrated if, for the purpose of supplying the lack of an appeal, we should allow the remedy of *certiorari* where the same end as that of an appeal is sought.

For the reasons stated the application for a writ of *certiorari* should be denied.

<em>Application denied.</em>

Chief Justice Hernández and Justices MacLeary, Wolf, del Toro, and Aldrey concurred.